Motion for a new trial. The action was detinue for a negro slave; and was tried in Kershaw district, before Brevard, J. The plaintiffs claimed the negro in question, by virtue of an act of assembly, passed in the year 1802, which recited that a certain James Carey, who joined the enemy in the time of the American revolution, had taken and carried away sundry slaves, the property of Col, Joseph Kershaw ; and that two negroes, the property of the said James Carey, were in the possession of Col. Kershaw’s representa. *302 five?: wherefore, the act grants all the right, title, and interest of the State, in and to the said two slaves, to the representatives of said Col Kershnv. See act of ln02, 2 Faust, 430, Carey’s estates were confiscated by the act passed at Jacksonborougb, ai'td his name was inscribed in the list Vo. ft, annexed to the act; but the commissioners of confiscated estates had never sold or disposed of the property in question. One of the negroes had been, for many years, in the possession of Col. Kershaw, and of bis representatives; the other, the subject of this suit, had been somewhere in Georgia, and had heert taken torliousiy by the defendant, and brought into this State. Several questions occurred upon the trial, which were left to the jury — to decide, viz: 1. Whether the negro demande,d of the defendant by the plaintiffs, did belong to Carey at the time when the confiscation act passed. 2. Whether he was in the defendant’s possessson or power at the time of the demand. 3. Whether he was the negro mentioned ui the act of 1802.
The defendant had givpn a bill of sale of the negro to one Chambers, a few days before the act of 1^02 passed ; but there was reason to believe, from certain circumstances given in evidence, that it was only a colorable sale, and upon a secret trust, in order to defeat the object of the present suit. The jury were charged, in case they should believe that this was the case, to consider the sale as co« vinous, and that no property or possession was changed thereby, to affect the plaintiffs.
The defendant’s counsel contended, 1st. That there was positive evidence, that the right of property and of possession was transferred, and out of the defendant, at the tune of the demand, which could not be overcome by circumstantial and presumptive evidence to the contrary, and therefore that detinue could not be maintained. 2d. That the legislature had been imposed on and deceived ; as the act states the negroes as then being in possession of the plaintiffs, whereas the negro in question was not in their possession at that time, and it could not be proved that he had been in their possession at any time before the act passed. 3d. That after such a lapse of time, during which no steps had been taken by the agents of the State to get possession of t is property for the State, it ought to be considered as a voluntary and absolute reli qutshmeut of the State to any claim to the property ; and the persons in possession ought to be considered as having acquired a good and indefeasible title. 4th. That the legislature could not, constitutionally, divest the right of property so obtained by those under whom the defendant claimed, by any such arbitrary act,
Hall, for thedefendant,
cited Co. Litt. 119. 1 Bay,28. 2 Dali. 306.
Falcoxek, for the plaintiffs,
argued, and it was resolved by the court, that the preamble or introductory part of an act cannot affect the enacting part ; and that although the preamble or introduction may furnish a key to explain any ambiguity or uncertainty in an act, it cannot control its operation as to what is clearly enacted. In this case, the reasons set forth by the legislature, for passing the act in question, whether founded in mistake, or in truth, can make no manner of difference, and cannot affect the operation of the enacting part. The rehearsal, or preamble of a statute, is to be taken for truth ; for it cannot bethought that a statute that is made by the authority of the whole realm, will recite a thing against the truth. Co. Litt. 19 b. But admittingthat the legislature had been deceived, and drawn in by misrepresentation to pass the act, yet what right can the defendant have to take advantage thereof; he having shewn no right or title whatever to the negro. There was no evidence given to shew where, or in whose possession, the negro was for auy considerable time before the demand was made by the plaintiffs, from whence to infer an abandonment on the part of the slate of its claim, or on which to presume any thing in favor of the defendant. The Legislature was constitutionally entitled to grant whatever right the State had to this negro ; and it had done so and no more ; and if the defendant had a better title, it was incumbent on him to have s.iewn it. The other objections to the verdict were considered as of uo weight, it is true, the defendant must have possession of the thing sued for, at the lime of bringing the suit ; 4 Rep. 83 ; and if he has been lawfully dispossessed before, the action will not he. 1 Wash. 311". But it is otherwise, although the thing be not in possession of the defendant at the time, it he has wilfully, or fraudulently parted with the possession, in order to avoid the suit. 3 Com. Dig. 358. See Hayvv. 12. It appeared, by a bill of sale given in evidence, that the property of the negro in question had been parted with by the defendant, to one Chambers, before this suit was instituted ; yet as there was evidence tending to prove that this was a secret, color-able, and covinous transfer, on purpose to defeat this action, the court thought the jury had decided rightly.
The judge charged the jury in favor of the plaintiffs; and the jury fouud accordingly.
The motion for a new trial, was endeavored to be supported on the same grounds which were urged in the district court.
Motioa for a new trial discharged.